IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOHNNY GARCIA, # 1914551, | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:16-CV-01160-RC |
| v. | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, DIRECTOR OF TDCJ, | § § | |
| Defendant. | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Plaintiff Johnny Garcia ("Plaintiff") filed this action seeking monetary compensation from Defendants for alleged injuries he sustained from an auto accident while a passenger on a bus operated by Defendants. (Doc. No. 1.) At the time he filed this action, Plaintiff was an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"). (Doc. No. 1.) On February 9, 2019, the Magistrate Judge issued his Report and Recommendation (Doc. No. 12), recommending that this case be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b). A copy of this Report and Recommendation was sent to Plaintiff's last known address—specifically at the Stringfellow Unit of TDCJ's Correctional Institutions Division. On March 8, 2019, a copy of the Report and Recommendation sent to Plaintiff was returned to the Clerk's office as undeliverable with a notation that Plaintiff had been discharged. (Doc. No. 13.)

Generally, "litigants, including prisoners, bear the burden of filing notice of a change of address in such a way that will bring attention of the court to address change." *Martinez-Reyes v.*

1

*United States*, No. 7:12-CR-1787-1, 2016 WL 8740494, at *4 (S.D. Tex. Oct. 10, 2016), *report and recommendation adopted*, No. 7:12-CR-1787-1, 2017 WL 1409315 (S.D. Tex. Apr. 20, 2017) (quoting *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004)). This requirement is memorialized in the Eastern District of Texas Local Rule CV-11(d): "A *pro se* litigant must provide the court with a physical address, i.e., a P.O. Box is not acceptable, and is responsible for keeping the clerk advised in writing of the current physical address."

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."); Fed. R. Civ. P. 41(b). Here, Plaintiff's failure to prosecute his case stems from his failure to notify the Court of a change of address or his whereabouts. Indeed, Plaintiff has not communicated with the Court at all since November 20, 2017. (Doc. No. 10.)

Furthermore, the Court has reviewed the pleadings in this case and the Report and Recommendation of the Magistrate Judge. The Court notes that no objections have been filed to the Magistrate Judge's Report and Recommendation. Upon such review, the Court has determined that the Report and Recommendation of the Magistrate Judge is correct.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. No. 12) as the findings of the Court. The Court **ORDERS** this case be **DISMISSED WITH PREJUDICE** and that any and all other pending motions be **DENIED** as **MOOT**.

**So Ordered and Signed**
**Mar 17, 2019**

_____
Ron Clark, Senior District Judge